Robert D. THOMAS, Plaintiff—
Appellant,

v.

Joanne B. BARNHART, Commissioner
of Social Security, Defendants—
Appellee.

No. 03–5321.

United States Court of Appeals,
Sixth Circuit.

July 9, 2004.

Donna S. Thornton–Green, Kitchen &
Thornton–Green, Paducah, KY, for Plain-
tiff–Appellant.

Elyse Sharfman, Dennis R. Williams,
Mary Ann Sloan, Simone Pereira, Social
Security Administration, Office of General
Counsel, Atlanta, GA, for Defendant–Ap-
pellee.

Before: MERRITT and DAUGHTREY;
and NIXON,* District Judge.

* The Honorable John T. Nixon, United States
District Judge for the Middle District of Ten-
nessee, sitting by designation.

MERRITT, Circuit Judge.

The plaintiff in this case alleges that he is unable to work due to "morbid obesity" and chronic back pain, and appeals the denial of social security benefits.

**Brief Summary of Facts and Procedural History**

Appellant Robert Thomas, born March 7, 1969, is morbidly obese, weighing over 320 pounds at a height of 5'9". He has an eighth grade education and grade-school reading and math skills. He claims to spend his time watching television, reading, helping his children with their homework, doing light housework, and raising birds for cockfighting. He was involved in an auto accident in 1994, and since then has reportedly experienced pain in all his joints. Thomas most often worked as a general laborer, but has not worked since 1997. In 1999 he filed an application for Supplemental Social Security Income, claiming an inability to work because of his weight and chronic lower back pain. His request was denied both initially and on reconsideration. He then asked for a hearing, and one was held in July of 2000. In October of that year the Administrative Law Judge that presided over his hearing denied his claim, finding that he could perform a significant number of light jobs. Thomas applied for review by the Appeals Council, but it declined to review his case. He then filed for review in the United States District Court, which affirmed the Administrative Law Judge upon recommendation by the United States Magistrate.

The evidence in the record consists primarily of opinions by medical experts, four in particular (two on each side). The Appellant's experts, Dr. Saint–Jacques and Dr. Beck, are orthopedic surgeons, both of whom personally examined the appellant.

They concluded, among other things, that his movement is too limited to allow him to work, that he frequently needs rest periods, that he is at a heightened risk of falling, and that he is unable to sit for more than four or six hours a day. The Government's experts were Dr. Howell, a state agency physician whose specialty is pediatrics, and Dr. Yohanne, whose specialty is urology. Dr. Yohanne personally examined Thomas, but Dr. Howell only reviewed Thomas' records. Based on their testimony, the testimony of a psychologist, and the testimony of a vocational expert, the Administrative Law Judge concluded that although Thomas did suffer from some physical and mental limitations, he was still capable of performing light, sedentary work, and that there were a significant number of such jobs statewide.**

**Discussion**

■ The standard of review in this case is high: As the plaintiff admits, the decision of the Administrative Law Judge can be overturned only if it is not supported by substantial evidence. 42 U.S.C. § 405(g); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir.2001) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." (citations omitted)). In this case, there clearly was substantial evidence to support the Administrative Law Judge's findings. The Government's experts testified that Thomas enjoys full range of motion, normal motor strength, and normal neurological functioning. The experts generally agreed that Thomas could not perform a job that required heavy lifting, repetitive bending or walking up and down stairs, or stooping, kneeling, or crouching. But testimony also showed that he could, for example, "lift and carry 20 pounds occasionally and 10 pounds frequently, stand or walk for

---

** E.g., light machine tender (2,000 jobs), light watchman (8,000 jobs), light custodian (3,000 jobs), sedentary machine tender (500 jobs), and sedentary inspector (400 jobs).

two hours during an eight-hour workday and sit for up to six hours a workday." App. 17. Based on this and other testimony the Administrative Law Judge concluded that Thomas would be able to perform light work.

■ The appellant's primary argument is that the Administrative Law Judge should have given the appellant's expert testimony more weight than that of the Government's experts. He argues that his own experts specialized in orthopedics, and both examined him, whereas the government's experts were a pediatrician and a urologist, only one of whom personally examined Thomas. It is true that the Social Security Administration "generally give[s] more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist," 20 C.F.R. § 416.927(d)(5), but in this case the Administrative Law Judge found Thomas' expert testimony to be problematic in some ways. In particular, some of their testimony was not supported by the medical record. See 20 C.F.R. § 416.927(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). For example, Dr. Beck's opinion was based in part on Thomas' subjective complaints, many of which were not supported by the objective medical findings. See Def. Br. 15–16. And Dr. Saint–Jacques' assessment of Thomas' back difficulties was based in part on a then-six-year-old X-ray, while a then-current X-ray showed no structural problem. App. 15. The Administrative Law Judge also found that Thomas' allegations about his limitations were not totally credible, App. 20, since they were "inconsistent with his activities of daily living." App. 17.

At most, the appellant has shown that based on the testimony of his two examining physicians, a reasonable Administrative Law Judge might have found that the appellant was incapable even of light work. But this Court can overturn the actual findings in this case only if they are not supported by substantial evidence. There was ample evidence in the record for the Administrative Law Judge to find as he did, and therefore the District Court's opinion is **AFFIRMED**.